IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Terry Frillman, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  10 C 6408 |
| | ) | |
| Central Portfolio Control, Inc., a Minnesota corporation, and Riverwalk Holdings, Ltd., a Texas limited partnership, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Terry Frillman, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) Plaintiff resides here; b) the acts and transactions occurred here; and, c) Defendants transact business here.

### PARTIES

3. Plaintiff, Terry Frillman ("Frillman"), is a citizen of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt owed for a Credit One Bank credit card, which was then allegedly owed to Riverwalk Holdings, Ltd., despite the fact that he was represented by the legal aid attorneys at the Chicago Legal

Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Central Portfolio Control ("CPC"), is a Minnesota corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant CPC was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant CPC is licensed to conduct business in the State of Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State attached as Exhibit A. In fact, Defendant CPC conducts extensive and substantial business in Illinois.

6. Defendant CPC is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation attached as Exhibit B. In fact, Defendant CPC acts as a collection agency in Illinois.

7. Defendant, Riverwalk Holdings, Ltd. ("Riverwalk"), is a Texas limited partnership, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant Riverwalk was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

8. Defendant Riverwalk is a bad debt buyer that specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, which it then tries to

collect from consumers via collection agencies. In doing so, Defendant Riverwalk conducts business in Illinois.

## FACTUAL ALLEGATIONS

9. Mr. Frillman is a senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt he owed for a Credit One Bank credit card. At some point in time, Defendant Riverwalk bought Mr. Frillman's debt after he defaulted on it, and when collection efforts began as to that account, he sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and the collection actions.

10. Defendant Riverwalk hired Defendant CPC to collect the Credit One Bank debt and via a letter, dated July 26, 2010, Defendants demanded payment of the Credit One/Riverwalk debt from Mr. Frillman. A copy of this letter is attached as Exhibit C.

11. Accordingly, on September 7, 2010, Mr. Frillman's attorneys at LASPD informed Defendants that he was represented by counsel, and directed Defendants to cease contacting him, and to cease all further collection activities because Mr. Frillman was forced, by his financial circumstances, to refuse to pay his unsecured debt. A copy of this letter is attached as Exhibit D.

12. Moreover, in another case filed against Riverwalk, <u>Terry Frillman v. Riverwalk Holdings, Ltd., et al.</u>, No. 10 C 3792 (N.D. Ill.), the debt at issue was resolved as of August 9, 2010, and thus was no longer owed by Mr. Frillman.

13. In utter disregard of the fact that Mr. Frillman was represented by counsel and the fact that the debt at issue was not owed, Defendants sent Mr. Frillman a collection letter, dated September 27, 2010, demanding payment of the Credit One

Bank/Riverwalk debt. A copy of this letter is attached as Exhibit E.

14. Defendants' collection actions complained of occurred within one year of the date of this Complaint.

15. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

18. Here, the letter from Mr. Frillman's agent, LASPD, told Defendants to cease communications and cease collections (Exhibit D). By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

19. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

20. Plaintiff adopts and realleges ¶¶ 1-15.

4

21. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

22. Defendants knew that Mr. Frillman was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendants, in writing, that Mr. Frillman was represented by counsel, and had directed a cessation of communications with Mr. Frillman. By sending a collection letter (Exhibit E) to Mr. Frillman, despite being advised that he was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

23. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT III**
**Violation Of § 1692e Of The FDCPA --**
**Demanding Payment Of A Debt That Is Not Owed**

24. Plaintiff adopts and realleges ¶¶ 1-15.

25. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

26. Demanding payment of a debt that is no longer owed, due to being resolved through a settlement, is false, deceptive or misleading, in violation of § 1692e of the FDCPA.

27.     Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Terry Frillman, prays that this Court:

1.     Find that Defendants' debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Frillman, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Terry Frillman, demands trial by jury.

Terry Frillman,

By: /s/ David J. Philipps___
One of Plaintiff's Attorneys

Dated:  October 6, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com